David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York

| | |
|---|---|
| Hanit Daniels, | ) |
| Plaintiff, | ) |
| - against - | ) No. |
| Jean Pierre Hair Salon, Incorporated, | ) |
| Defendant. | ) |

Plaintiff, complaining of the Defendant by her attorney, David Abrams, Attorney at Law, respectfully set forth and allege as follows:

**I.    Introduction**

1. This is an action for wages and overtime under the Fair Labor Standards Act and the New York Labor Law. Plaintiff also asserts claims for retaliation, unlawful deductions, failure to pay wage supplements, failure to pay wages in a timely manner, and failure to give notice under the New York Labor Law.

**II.    Parties**

2. Plaintiff is a natural person.

3. Defendant Jean Pierre Hair Salon, Incorporated (the "Employer" or "Defendant") is a foreign business corporation with a principle place of business in the State of New York, County of New York.

**[continued on next page]**

**III.     Venue and Jurisdiction**

4.      The Court has subject matter jurisdiction over this matter in that Plaintiff asserts claims under federal law and the remaining claims are part of the same case or controversy.

5.      The Court has personal jurisdiction over the Defendants in that this matter arises from the Defendants' employment of the Plaintiff at its facility which is located in Manhattan.

6.      Venue is appropriate in that this matter in the Southern District in that this matter arises from the Defendants' employment of the Plaintiff at its facility which is located in Manhattan.

**IV.     Background**

7.      At all times relevant to this complaint, the Employer operated a hair salon known as "Jean Pierre Hair Salons."

8.      Plaintiff was employed by the Defendant as a hair stylist for more than 6 years until her employment ended in January of 2017.

9.      Until approximately November of 2016, Ms. Daniels worked full time. Her normal work week consisted of 5 or 6 days of work and 12 hours per day. She was paid a combination of commissions and base salary which typically totaled approximately $2000 per month. She was not paid any overtime premiums even though she worked more than 40 hours per week.

10.     In addition, Ms. Daniels did not receive proper notification under the Wage Theft Prevention Act; had deductions made from her tips; was not paid accrued vacation upon her separation from employment; and was regularly paid late.

11. In or about November 16, 2016, one of Ms. Daniel's customers damaged a mirror at the Employer's facility. In response, the Employer deducted approximately $400 from Ms. Daniel's wages. When Ms. Daniels complained about this deduction, the Employer reduced her schedule and then subsequently discharged her from employment.

**V.     Causes of Action and Demand for Relief**

<u>Count One: Violation of New York Wage & Hour Law</u>

12. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

15. Plaintiff was an employee of the Employer within the meaning of the New York Minimum Wage Act and accompanying regulations.

16. The Employer was an employer within the meaning of those same regulations.

17. The Employer violated the above law and regulations in that it did not properly compensate Plaintiff for the hours and overtime hours she worked, did not provide Plaintiff with proper notification; paid Ms. Daniels late; did not pay owed wage supplements; made improper deductions from Ms. Daniel's pay; and unlawfully retaliated against Ms. Daniels.

<u>Count Two: Violation of the Fair Labor Standards Act</u>

18. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

19. In the course of her job duties, Ms. Daniels regularly handled and processed credit card transactions, which necessarily entailed sending information by wire across state lines.

20. For example, the most popular credit card type -- VISA -- has its clearinghouse located in Virginia. Thus, each time Ms. Daniels processed a VISA transaction, she

necessarily would have sent information from the VISA terminal in New York to the VISA clearinghouse in Virginia.

21.     Accordingly, Ms. Daniels was "in commerce" for purposes of the Fair Labor Standards Act.

22.     The Employer violated the Fair Labor Standards Act in that it did not properly compensate Plaintiff for the hours and overtime hours he worked.

WHEREFORE  Plaintiff demands judgment against the Defendant in the amount of her unpaid back wages, overtime and liquidated damages, in an amount not more than $200,000.00 including attorneys fees and costs, and such other and further relief that the Court deems just.

                                        Respectfully submitted,

                                        David Abrams
                                         Attorney for Plaintiff
                                        305 Broadway Suite 601
                                        New York, NY 10007
                                        Tel. 212-897-5821
                                        Fax    212-897-5811

February 21, 2017
New York, New York