```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
HANIT DANIELS,                                              :
                                        Plaintiff,          :
                                                            :      17 Civ. 1399 (LGS)
                  -against-                                 :
                                                            :           ORDER
JEAN PIERRE HAIR SALON, INC.,                               :
                                        Defendant.          :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/5/2018

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on August 31, 2018, Michael K. Chong, LLC and Michael K. Chong, Esq. filed a motion to withdraw as counsel for Defendant (Dkt. 61);

WHEREAS, counsel provided notice of his application to withdraw to Defendant by email (Dkt. 61-1);

WHEREAS, "a client's lack of cooperation -- including lack of communication with counsel -- constitutes a satisfactory reason to withdraw." *Battino v. Cornelia Fifth Ave., LLC*, No. 09 Civ. 04113, 2013 WL 4779635, at *2 (S.D.N.Y. June 26, 2013) (internal quotations omitted). Nonpayment of legal fees overtime can also provide a basis for an attorney's withdrawal. *Genao v. City of New York*, No. 14 Civ. 8122, 2017 WL 698653, at *2 (S.D.N.Y. Feb. 2, 2017).

WHEREAS, these considerations make withdrawal appropriate here. In his supporting declaration (Dkt. 61-1), counsel stated that Defendant has repeatedly failed to pay outstanding legal bills. Defendant has also not responded to counsel's request for a retainer for the trial. Counsel also made multiple unsuccessful attempts to contact Defendant asking him to provide him with documents pertaining to the case, advising him of the upcoming trial, and requesting information to prepare for the trial. Defendant's consistent failure to pay its legal fees and

communicate with counsel makes withdrawal appropriate here;

WHEREAS, "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se." *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983); *accord Filo Promotions, Inc. v. Bathtub Gins, Inc.*, 311 F. Supp. 3d 645, 648 (S.D.N.Y. 2018).  After ordering a corporate defendant to appear through counsel, if the defendant repeatedly fails to appear through counsel, a court can enter default judgment against the defendant.  *Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006); *U.S. Commodity Futures Trading Comm'n v. EJS Capital Mgmt., LLC*, No. 14 Civ. 3107, 2015 WL 13359358, at *7 (S.D.N.Y. Dec. 18, 2015).

It is hereby **ORDERED** that counsel's motion to withdraw is granted.

It is further **ORDERED** that by **September 12**, **2018**, Defendant shall submit a letter stating that it has retained counsel, or specifying steps it is taking to retain counsel, or stating that it does not intend to retain counsel.  If Defendant does not intend to retain counsel, default judgment will be entered against it.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 61.

Dated: September 5, 2018
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**